**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MASSACHUSETTS**

**CHAPTER 13 PLAN COVER SHEET**

| | | | |
|---|---|---|---|
| Filing Date: | **5/07/10** | Docket #: | **10-15021** |
| Debtor: | **Shaun M. Breau** | Co-Debtor: | |
| SS#: | **xxx-xx-2770** | SS#: | |
| Address: | **128 Ensign Road**<br>**Centerville, MA 02632** | Address: | |
| Debtor's Counsel: | **Richard J. Cohen BBO #090240** | | |
| Address: | **PO Box 1085**<br>**Centerville, MA 02632** | | |
| Telephone #: | **508-771-6400** | | |
| Facsimile #: | **508-771-6216** | | |

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE OR HAVE RECEIVED A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL FIFTEEN (15) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

**CHAPTER 13 PLAN**    Docket # __10-15021__

DEBTORS: (H) __Shaun M. Breau__    SS# __xxx-xx-2770__

(W) ____    SS# ____

TERM OF THE PLAN __60__ Months

(If the plan is longer than thirty-six (36) months, a statement of cause pursuant to 11 U.S.C. § 1322 (d) must be attached hereto.)

PLAN PAYMENT: Debtor(s) to pay monthly: $ __1,165.00__

## I. SECURED CLAIMS

A. CLAIMS TO BE PAID THROUGH THE PLAN (INCLUDING ARREARS):

| Creditor | Description of claim (pre-petition arrears, purchase money, etc.) | Amount of claim |
|---|---|---|
| **-NONE-** | $ | |

Total of secured claims to be paid through the Plan $ __0.00__

B. CLAIMS TO BE PAID DIRECTLY TO CREDITORS (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **Bank of America** | **First Mortgage** |

## II. PRIORITY CLAIMS

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| **Internal Revenue Service** | **2007, 2008 & 2009 income tax** | $ **47,519.00** |
| **Massachusetts Department of Revenue** | **2007, 2008 & 2009 income tax** | $ **15,344.00** |

Total of priority claims to be paid through the plan $ __62,863.00__

## III. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan): $ __0.00__
(to be paid in first 12 months of plan)

B. Miscellaneous fees:

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| **-NONE-** | $ | |

C. The chapter 13 trustee's fee is determined by order of the United States Attorney General. The calculation of the Plan payment set forth below utilizes a 10% trustee's commission. In the event that the trustee's commission is less than 10%, the additional funds collected by the trustee shall be disbursed to unsecured creditors up to 100% of the allowed claims.

IV. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of __0__ % of their claims.

    A. General unsecured claims:     $ **301,725.00**

    B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| **First Regional Bank** | **Second Mortgage** | $ **36,000.00** |

    Total of A + B general unsecured claims:     $ **337,725.00**

    C. Multiply total by percentage of dividend: $ **0.80**
    (Example: Total of $38,500.00 x .22 dividend = $8,470.00)

    D. Separately classified unsecured claims (co-borrower/student loan, etc.) :

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| **-NONE-** | | $ |

    Total amount of separately classified claims payable at ____%     $ **0.00**

V. OTHER PROVISIONS

    A. Liquidation of assets to be used to fund plan:

    B. Modification of Secured Claims: Set forth details of modifications below or on attached sheets. This information should include name of creditor and detailed explanation of the modification. The total amount of the secured claim that is to be paid through the plan (inclusive of interest) should be set forth in Section I of this Plan.

| Creditor | Modification |
|---|---|
| **-NONE-** | |

    C. Miscellaneous provisions:
        **Special Intentions:**
        **Chase: Debtor is surrendering the Property to Creditor in full satisfaction of the secured claim. Creditor shall be allowed an unsecured claim for the deficiency balance owed.**
        **JP Morgan Chase Bank: Debtor is surrendering the Property to Creditor in full satisfaction of the secured claim. Creditor shall be allowed an unsecured claim for the deficiency balance owed.**
        **MorEquity, Inc.: Debtor is surrendering the Property to Creditor in full satisfaction of the secured claim. Creditor shall be allowed an unsecured claim for the deficiency balance owed.**

VI. CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---|
| a. Secured claims (Section I-A Total): | $ | **0.00** |
| b. Priority claims (Section II Total): | +$ | **62,863.00** |
| c. Administrative claims (Section III A + B Total): | +$ | **0.00** |
| d. General unsecured claims (Section IV-C Total): | +$ | **0.80** |
| e. Separately classified unsecured claims (Section IV-D Total): | +$ | **0.00** |
| f. Total of (a) through (e) above: | =$ | **62,863.80** |
| g. Divide (f) by .90 for total including Trustee's fee:    Cost of Plan | =$ | **69,848.40** |

    (This represents the total amount to be paid into the chapter 13 plan)

| | | |
|---|---|---|
| h. Divide (g) Cost of Plan by Term of plan: | | **60** months |
| i. Round up to nearest dollar:    Monthly Plan Payment: | $ | **1,165.00** |

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the plan is filed.

## LIQUIDATION ANALYSIS

I. Real Estate:

| Address | Fair Market Value | Recorded Liens (Schedule D) |
|---|---|---|
| **Single family residence located at 128 Ensign Road , Centerville, MA 02632 Homestead filed 24502, Page 114** | $ **290,000.00** | $ **325,877.00** |

| | |
|---|---|
| Total Net Equity for Real Property: | $ **0.00** |
| Less Exemptions (Schedule C): | $ **0.00** |
| Available Chapter 7: | $ **0.00** |

II. Automobile (Describe year, make and model):

| Description | Value | Lien | Exemption |
|---|---|---|---|
| **2006 GMC 3500 Van (22,456 miles) - work van - needs repairs** | $ **4,000.00** | $ **0.00** | $ **4,000.00** |
| **1997 Ford E250 Van (61,024 miles; off-road, needs repairs)** | $ **900.00** | $ **0.00** | $ **1,600.00** |
| **1988 BMW M6 (105,800 miles; inoperable from fire, off road)** | $ **0.00** | $ **0.00** | $ **0.00** |
| **2002 BMW X5 (25,656 miles) - needs repairs** | $ **8,500.00** | $ **0.00** | $ **8,500.00** |

| | |
|---|---|
| Net Value of Equity: | $ **13,400.00** |
| Less Exemptions (Schedule C): | $ **13,400.00** |
| Available Chapter 7: | $ **0.00** |

III. All Other Assets (All remaining items on Schedule B):   (Itemize as necessary)

| | | | |
|---|---|---|---|
| Value: $ **8,122.00** | | Less Exemptions (Schedule C): $ **8,122.00** | |
| | | Available Chapter 7: $ **0.00** | |

SUMMARY (Total amount available under Chapter 7):

Net Equity (I and II) Plus Other Assets (III) less all claimed exemptions:   $ **0.00**

Additional Comments regarding Liquidation Analysis:

Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of the Amended Plan upon the Chapter 13 trustee, all creditors and interested parties, and to file a certificate of service accordingly.

| | |
|---|---|
| **/s/ Richard J. Cohen BBO** | **May 11, 2010** |
| **Richard J. Cohen BBO #090240** | Date |
| Debtor's counsel | |
| Address:  **PO Box 1085** | |
| **Centerville, MA 02632** | |
| Telephone #:  **508-771-6400 Fax:508-771-6216** | |

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

| | | |
|---|---|---|
| Date  **May 11, 2010** | Signature | **/s/ Shaun M. Breau** |
| | | **Shaun M. Breau** |
| | | Debtor |